NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4319-15T3

PATRICIA J. MCCLAIN,

     Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR, LEARNING EDGE ACADEMY,
INC., and KIDS CHOICE ACADEMY,

     Respondents.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| August 29, 2017 |
| APPELLATE DIVISION |

Argued May 31, 2017 — Decided August 29, 2017

Before Judges Ostrer, Vernoia and Moynihan.

On appeal from the Board of Review, Department of Labor.

Cassandra Stabbert argued the cause for appellant (South Jersey Legal Services, Inc., attorneys; Ms. Stabbert, on the brief).

Melissa Dutton Schaffer, Assistant Attorney General, argued the cause for respondent Board of Review (Christopher S. Porrino, Attorney General, attorney; Ms. Schaffer, of counsel; Patrick Jhoo, Deputy Attorney General, on the brief).

Respondents Learning Edge Academy, Inc., and Kids Choice Academy have not filed briefs.

The opinion of the court was delivered by

VERNOIA, J.A.D.

A recent amendment to the unemployment insurance law exempts from disqualification for unemployment benefits "an individual who voluntarily leaves work with one employer to accept from another employer employment which commences not more than seven days after the individual leaves . . . the first employer." L. 2015, c. 41, § 1, codified at N.J.S.A. 43:21-5(a). Appellant left her first employer after accepting new employment that was to commence within seven days; her new employer, however, rescinded the offer before she ever began work. Finding this statute inapplicable -- because appellant hadn't commenced her new employment within seven days -- the Board found she was disqualified from receiving benefits. We reject the Board's interpretation and reverse, finding a claimant need not actually start the new employment to be exempt from disqualification under N.J.S.A. 43:21-5(a).

I.

Appellant Patricia J. McClain began working as a teacher at Learning Edge Academy, Inc. in January 2013. She was on disability leave commencing in August 2015, and was scheduled to return to work in October.

On October 12, 2015, McClain accepted an offer from Kids Choice Academy for full-time employment. She immediately submitted a letter of resignation to Learning Edge.

The next day, the director of Kids Choice requested McClain's permission to contact McClain's former employer and advised her an appointment would be made for her to be fingerprinted. Later in the day, the director rescinded the job offer to McClain because the person McClain was supposed to replace decided to return to work at Kids Choice. McClain also received an email from Learning Edge accepting her resignation.

McClain began looking for other jobs. She did not contact Learning Edge following its acceptance of her resignation because she did not think Learning Edge would want her to return since she had resigned.

McClain applied for unemployment benefits. Her claim was denied and she appealed. The Appeal Tribunal held a hearing, McClain testified, and the Appeal Tribunal affirmed the denial. The Appeal Tribunal found McClain resigned from her position with Learning Edge on October 12, 2015 to accept a higher paying position with Kids Choice, and that on October 13, 2015, Kids Choice rescinded the offer "because the employee who originally held the position decided to return to work."

The Appeal Tribunal explained that a claimant is disqualified from receiving unemployment compensation benefits under N.J.S.A. 43:21-5(a) where the claimant "has left work voluntarily without good cause attributable to such work." The

Appeal Tribunal also noted there is an exemption from the disqualification for

> an individual who voluntarily leaves work with one employer to accept from another employer employment which commences not more than seven days after the individual leaves employment with the first employer, if the employment with the second employer has weekly hours or pay not less than the hours or pay of the employment of the first employer.

> [N.J.S.A. 43:21-5(a).]

The Appeal Tribunal determined McClain was not covered by the exemption because she did not actually commence employment with Kids Choice within seven days of her last day of employment at Learning Edge. The Appeal Tribunal therefore found McClain was disqualified from receiving benefits under N.J.S.A. 43:21-5(a).

McClain appealed to the Board of Review. On April 14, 2016, the Board issued its final agency decision affirming the Appeal Tribunal's findings and ruling. The Board subsequently denied McClain's request for reopening. This appeal followed.

## II.

Our scope of review of an administrative agency's decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). "In order to reverse an agency's judgment, an appellate court must find the agency's decision to be 'arbitrary, capricious, or

unreasonable, or [ ] not supported by substantial credible evidence in the record as a whole.'" Ibid. (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). A reviewing court "may not substitute its own judgment for the agency's, even though the court might have reached a different result." In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).

Generally, "we afford [an] agency great deference" in reviewing its "interpretation of statutes within its scope of authority" in recognition of the agency's "specialized expertise." N.J. Soc'y for Prevention of Cruelty to Animals v. N.J. Dep't of Agric., 196 N.J. 366, 385 (2008) (quoting In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 489 (2004)). Although an appellate court must give deference to the agency's findings of facts, "and some deference to its 'interpretation of statutes and regulations within its implementing and enforcing responsibility,'" it is "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Utley v. Bd. of Review, 194 N.J. 534, 551 (2008) (first quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997); then quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)); see also Reilly v. AAA Mid-Atl. Ins. Co. of N.J., 194 N.J. 474, 485

(2008) ("[I]f an agency's statutory interpretation is contrary to the statutory language, or if the agency's interpretation undermines the Legislature's intent, no deference is required." (quoting N.J. Tpk. Auth. v. AFSCME, Council 73, 150 N.J. 331, 351 (1997))). An appellate court reviews legal conclusions de novo. Lavezzi v. State, 219 N.J. 163, 172 (2014).

The Board's decision finding McClain was disqualified from receiving benefits requires that we interpret a 2015 amendment to N.J.S.A. 43:21-5(a). Prior to the amendment, the statute provided that an individual was disqualified from receiving unemployment compensation benefits

> [f]or the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment, which may include employment for the federal government, and has earned in employment at least ten times the individual's weekly benefit rate, as determined in each case.
>
> [N.J.S.A. 43:21-5(a).]

Under the applicable regulation, an individual's separation from employment was deemed voluntary where the claimant left to accept work at another employer. N.J.A.C. 12:17-9.1.

The 2015 amendment[1] to N.J.S.A. 43:21-5(a) added the following exemption from the disqualification in the statute and regulation:

> This subsection shall not apply to an individual who voluntarily leaves work with one employer <u>to accept from another employer employment which commences not more than seven days after the individual leaves employment with the first employer</u>, if the employment with the second employer has weekly hours or pay not less than the hours or pay of the employment of the first employer, except that if the individual gives notice to the first employer that the individual will leave employment on a specified date and the first employer terminates the individual before that date, the seven-day period will commence from the specified date.
>
> [N.J.S.A. 43:21-5(a) (emphasis added).]

The Board's interpretation and application of the amendment are at the center of McClain's appeal.

Our primary purpose in construing a statute is to "discern the meaning and intent of the Legislature." State v. Gandhi, 201 N.J. 161, 176 (2010). "There is no more persuasive evidence of legislative intent than the words by which the Legislature undertook to express its purpose; therefore, we first look to the plain language of the statute." Perez v. Zagami, LLC, 218 N.J. 202, 209-10 (2016). "We ascribe to the statutory words

---

[1] The amendment became effective May 4, 2015. L. 2015, c. 41, § 1.

A-4319-15T3

their ordinary meaning and significance, and read them in context with related provisions so as to give sense to the legislation as a whole." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citations omitted). Where "the plain language leads to a clear and unambiguous result, . . . our interpretive process is over." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195 (2007). When the statutory language "clearly reveals the meaning of the statute, the court's sole function is to enforce the statute in accordance with those terms." McCann v. Clerk of Jersey City, 167 N.J. 311, 320 (2001) (quoting SASCO 1997 NI, LLC v. Zudkewich, 166 N.J. 579, 586 (2001)).

Alternatively, where "there is ambiguity in the statutory language that leads to more than one plausible interpretation, we may turn to extrinsic evidence, 'including legislative history, committee reports, and contemporaneous construction.'" DiProspero, supra, 183 N.J. at 492-93 (quoting Cherry Hill Manor Assocs. v. Faugno, 182 N.J. 64, 75 (2004)). Extrinsic evidence may also be considered "if a plain reading of the statute leads to an absurd result or if the overall statutory scheme is at odds with the plain language." Id. at 493.

The resolution of McClain's application for unemployment compensation benefits turns on the interpretation of the phrase

"who voluntarily leaves work with one employer to accept from another employer employment which commences not more than seven days after the individual leaves employment with the first employer." N.J.S.A. 43:21-5(a). The Board found the amendment required that a claimant actually commence employment within the seven-day period, and that McClain was disqualified from receiving benefits because she did not actually commence her employment at Kids Choice within seven days of her last day of employment at Learning Edge. McClain argues the Board misinterprets the amended statute, and that she was covered by its plain language because she voluntarily left the employment of Learning Edge "to accept" employment with Kids Choice that commenced within the seven-day period.

We have carefully considered the amendment to N.J.S.A. 43:21-5(a) and are convinced its plain language is inconsistent with the Board's interpretation. The amendment does not expressly require that a claimant actually commence work within the seven-day period. To the contrary, the amendment requires only that a claimant leave work with the first employer "to accept" employment with the second employer which commences within the seven-day period. The Board's interpretation requires the imposition of a condition the Legislature did not include in the amendment: that the employee not only leave employment with

the first employer to accept employment which commences within the seven-day period, but also that the claimant actually commence the new employment within the seven-day period.

We find nothing in the plain language of the amendment supporting the imposition of such a condition. If the Legislature intended to impose the requirement that a claimant actually commence employment within the seven-day period, it could have done so directly. Instead, the amendment provides only that there is no disqualification where, as here, a claimant leaves work to accept employment which commences within the seven-day period. We therefore reject the Board's interpretation of the amendment because it is not our function "to 'rewrite a plainly-written enactment of the Legislature or presume that the Legislature intended something other than that expressed by way of the plain language.'" DiProspero, supra, 183 N.J. at 492 (quoting O'Connell v. State, 171 N.J. 484, 488 (2002)). We will not "'write in an additional qualification which the Legislature pointedly omitted in drafting its own enactment,' or 'engage in conjecture or surmise which will circumvent the plain meaning of the act.'" Ibid. (first quoting Craster v. Bd. of Comm'rs of Newark, 9 N.J. 225, 230 (1952); then quoting In re Closing of Jamesburg High School, 83 N.J. 540, 548 (1980)).

We need not rely on the legislative history given that the plain language of the amendment does not require that a claimant actually commence the new employment within the seven-day period. See Richardson, supra, 192 N.J. at 195; DiProspero, supra, 183 N.J. at 492-93. Moreover, the Board's argument that the legislative history supports its interpretation is contradicted by the plain language of the amendment. The Board relies on the following Senate Sponsor's statement annexed to the bill that was subsequently enacted as the 2015 amendment to N.J.S.A. 43:21-5(a):

> This bill provides that an individual is not disqualified from unemployment insurance (UI) benefits for voluntarily leaving work if the individual leaves work with one employer to accept from another employer employment which commences not more than seven days after the individual leaves employment with the first employer, and the employment with the second employer has weekly hours or pay not less than the hours or pay of the employment of the first employer, except that if the individual notifies the first employer that the individual will leave employment on a specified date and the first employer terminates the individual before that day, the seven-day period will commence from the specified date.
>
> Current law, [N.J.S.A.] 43:21-5(a), disqualifies an individual who voluntarily leaves a job from receiving UI benefits and requires the individual to become reemployed and work at least eight weeks, earning at least 10 times the individual's weekly UI benefit rate, before again being eligible

for UI benefits. <u>This bill makes an exception from that requirement for an individual who leaves one job to accept a subsequent job at least equal in hours or pay, but is laid off from the subsequent job</u>. The UI laws of 26 states, and the regulations of five other states, <u>treat accepting other work as good cause for leaving work</u>, and do not disqualify workers for UI benefits for doing so.

[<u>Sponsor's Statement to S. 2082, 216th Leg.</u> (May 19, 2014) (emphasis added).[2]]

The Board argues that the reference in the sponsor's statement to a claimant being "laid-off" means the amendment to <u>N.J.S.A.</u> 43:21-5(a) requires that the claimant actually commence work with the new employer within the seven-day period because an employee must begin work in order to be "laid-off." However, the plain language of the enacted amendment is bereft of any requirement that the claimant actually commence work, and makes no reference to the claimant being "laid-off." To the contrary, the best evidence of the Legislature's intent — the plain language of the amendment — requires only that a claimant leave

---

[2] The emphasized language was also included in the Assembly Appropriations Committee and Assembly Labor Committee statements concerning the bill, and the Bill Description prepared by the Office of Legislative Services. <u>See</u> Assem. Appropriations Comm., <u>Statement to S. 2082</u> (Feb. 5, 2015) (codified at <u>N.J.S.A.</u> 43:21-5); Assem. Labor Comm., <u>Statement to S. 2082</u> (Sept. 11, 2014); Office of Legis. Servs., <u>Legis. Fiscal Estimate for S. 2082</u> (June 19, 2014).

work to accept employment which commences within the seven-day period.

We are also unpersuaded by the Board's contention the sponsor's statement's reference to the unemployment insurance laws of twenty-six other states supports its interpretation of the amendment. According to the sponsor's statement, the laws in the other states do not require that a claimant actually commence work with the new employer. Instead, the sponsor's statement explains that the laws in the other states "treat accepting work as good cause for leaving work." Thus, the sponsor's statement describing the laws in the other states is consistent with the plain language of the amendment; accepting new employment which commences within the seven-day period is sufficient.[3]

---

[3] We also reject the Board's argument that the laws of other states support its interpretation of the amendment. Here, we interpret only the language in the amendment to N.J.S.A. 43:21-5(a), which is different from the statutory language of the other states referred to in the Board's brief. The Board relies on an Iowa statute exempting an employee from disqualification for leaving employment to accept other employment where "the individual performed services in the new employment," Iowa Code § 96.5(1)(a) (2017), and Ind. Code Ann. § 22-4-15-1(c)(1)(A) (West 2017), which provides a claimant is not disqualified from benefits where the claimant accepts new full-time employment "which offered reasonable expectation of continued covered employment and betterment of wages or working conditions and thereafter was employed on said job." The Board contends the amendment to N.J.S.A. 43:21-5(a) "closely tracks" the language of the Iowa and Indiana statutes and argues they provide support

(continued)

"In reading and interpreting a statute, primary regard must be given to the fundamental purpose for which the legislation was enacted. Where a literal reading will lead to a result not in accord with the essential purpose and design of the act, the spirit of the law will control the letter." State v. Tischio, 107 N.J. 504, 511 (1987) (quoting N.J. Builders, Owners and Managers Ass'n v. Blair, 60 N.J. 330, 338 (1972)). Thus, "the words of [a statute] are to be accorded a rational meaning in harmony with the obvious intent and purpose of the law." Ibid. (quoting State v. Brown, 22 N.J. 405, 415 (1956)). "Where the Legislature's intent is remedial, a court should construe a statute liberally." Young v. Schering Corp., 141 N.J. 16, 25 (1995).

New Jersey's Unemployment Compensation Law, N.J.S.A. 43:21-1 to -56, (the Act) "is social legislation that provides financial assistance to eligible workers suffering the distress and dislocation caused by unemployment." Utley, supra, 194 N.J. at 543. "[T]he underlying mission of the Act is 'to

_____

(continued)
for the Board's interpretation of the amendment. We are not persuaded. The Iowa and Indiana statutes only highlight that where a Legislature intends that actual commencement of new employment is required for the exemption from disqualification, the requirement will be directly expressed in the applicable statute. The New Jersey Legislature chose not to expressly include such a requirement in the amendment.

afford protection against the hazards of economic insecurity due to _involuntary_ unemployment.'" Brady v. Bd. of Review, 152 N.J. 197, 211 (1997) (quoting Yardville Supply Co. v. Bd. of Review, 114 N.J. 371, 374 (1989)). "[T]he purpose of the Act is to provide some income for the worker earning nothing, because he is out of work through no fault or act of his own." Id. at 212 (quoting Yardville, supra, 114 N.J. at 375). Thus, "[t]he Act . . . protects not only workers who are involuntarily unemployed — those who are laid-off or terminated from their jobs by their employers — but also those who voluntarily quit their jobs for good cause attributable to their work." Utley, supra, 194 N.J. at 543-44.

"[T]o further [the Act's] remedial and beneficial purposes . . . the [Act] is to be construed liberally in favor of allowance of benefits." Lourdes Med. Ctr. of Burlington Cty. v. Bd. of Review, 197 N.J. 339, 364 (2009) (quoting Utley, supra, 194 N.J. at 543). However, "it is also important to preserve the [unemployment insurance trust] fund against claims by those not intended to share in its benefits. The basic policy of the law is advanced as well when benefits are denied in improper cases as when they are allowed in proper cases." Brady, supra, 152 N.J. at 212 (quoting Yardville, supra, 114 N.J. at 374).

Given that the intent of the Act is to provide income for a worker who is out of work "through no fault or act of his own," ibid., and the Act "is to be construed liberally in favor of allowance of benefits," Lourdes, supra, 197 N.J. at 364, our reading of the plain language of the amendment places McClain within the intended recipients of unemployment compensation benefits. The record shows, and the Board found, McClain resigned from her position with Learning Edge "to accept" new employment at Kids Choice which was to commence seven days later,[4] and had comparable hours and better pay. Under the amendment to N.J.S.A. 43:21-5(a), McClain left her employment with Learning Edge for good cause attributable to the work and was entitled to benefits without disqualification. See N.J.S.A. 43:21-5(a); Utley, supra, 194 N.J. at 543-44 ("The Act . . . protects . . . those who voluntarily quit their jobs for good cause attributable to their work."). The Board's finding to the contrary was in error.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] The Board adopted the Appeal Tribunal's factual finding that McClain resigned from her employment with Learning Edge "to accept higher paying employment with" Kids Choice. There was no evidence presented to the contrary.

A-4319-15T3