**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3230-16T2

EDGAR A. FEBLES,

    Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and LORD KOBRIN ALVAREZ
& FATTELL,

    Respondents.

_____

Argued telephonically February 12, 2019 –
Decided February 28, 2019

Before Judges Suter and Geiger.

On appeal from the Board of Review, Department of Labor, Docket No. 106,634.

Edgar A. Febles, appellant, argued the cause pro se.

Christopher J. Hamner, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel;

Marolhin D. Mendez, Deputy Attorney General, on the brief).

Respondent Lord Kobrin Alvarez & Fattell has not filed a brief.

PER CURIAM

Edgar A. Febles (petitioner) appeals from a final decision of the Department of Labor and Workforce Development's Board of Review (Board) that sustained the Appeal Tribunal's determination he was disqualified from unemployment benefits because he left his employment voluntarily without good cause attributable to the work. We affirm the Board's decision.

## I.

Petitioner was employed as a paralegal for the law firm of Lord, Kobrin, Alvarez and Fattell (Lord Kobrin) for about five months when he resigned on Friday, November 4, 2016. On Monday, November 14, 2016, he obtained employment as a paralegal with another law firm for the same salary. He left the new firm on November 16, 2016, for reasons described as "not disqualifying" for unemployment benefits. Petitioner filed for unemployment. A weekly benefit rate of $657 was established, but no benefits were paid.

A-3230-16T2

The Division of Unemployment Insurance disqualified petitioner from benefits on the ground that he left work voluntarily without good cause attributable to the work. He appealed to the Appeal Tribunal.

A hearing was conducted by a hearing examiner. Petitioner testified he left the Lord Kobrin firm because he "was being harassed by several employees," although he acknowledged that his written letter of resignation did not give any reason for resigning. He claimed he told the office manager that his reason for leaving was a "hostile work environment." Petitioner testified the partner he worked for "would come in intoxicated, be derogatory towards [him], yell and scream for no reason, call [him] mentally deficient and other, you know, disrespectable names." This occurred the entire time he worked there. He never asked to be reassigned to another attorney. He did not keep a record of specific dates "because it happened so frequently . . . every day." He did not know why this was happening, but he claimed he had a physical disability of some kind.[1] He claimed the firm was "racist towards [his] disability but not based on his heritage." At times the partner "would right out insult [him]" and at other times

_____

[1] He did not disclose the nature of his disability.

he tried to make petitioner quit. Petitioner claimed he spoke with the partner about his conduct. He also alleged the partner asked him to do unethical things.

Petitioner testified the office manager said "he's retarded." She was his direct supervisor. He testified he searched for a new job after an incident in July 2016 with another partner where that partner "pretended to physically harm [him] when [his] back was turned." Petitioner did not actually see this because his back was turned, but claimed that he "felt [the] wind and pressure of [a] swing. When [he] turned around, [he] saw [the partner's] hands swing around." Petitioner never complained to the equity partner because all of this was done in the open so he "felt he would know about it." Petitioner testified he delayed a week before starting with the new law firm because that was when they wanted him to start. He wanted to leave his old firm "as soon as possible and [he] just decided that was the best time."

Petitioner denied that he left the office to work with another attorney who he had been working for on the weekends and evenings. The equity partner testified that petitioner gave the firm less than one week's notice he was leaving. He denied ever overhearing any inappropriate comments about petitioner even though his office and desk were located near petitioner's desk. If petitioner had a complaint about someone in the office, he could have made it to the office

manager or to him. Petitioner never mentioned anything to him. Petitioner did not say he was leaving because of an alleged hostile work environment. He would have "take[n] action immediately if [he] was informed by an employee that they're making that allegation." He never heard anyone complain about petitioner's work.

The office manager testified that petitioner's reason for resigning was because he had found a full time job with another attorney who was his ex-employer. Petitioner was unhappy with the firm because "the files that he worked on were unorganized and he really was unable to work on the files as he thought." He never complained about a hostile work environment or that the partner had made comments about him. She denied calling petitioner mentally deficient. She never saw any partner feign a physical attack on plaintiff and she frequently was in the area near his desk. She denied ever witnessing or hearing "any inappropriate behavior or comments made towards [petitioner] while he was employed with the company."

The Appeal Tribunal denied petitioner's application for benefits under N.J.S.A. 43:21-5(a) for voluntarily leaving work without good cause attributable to the work. It rejected petitioner's contention that his employer was harassing him or making inappropriate comments, finding "the claimant was unable to

5

provide details and/or dates as to support his allegations." His employer and office manager denied "any improper behavior or mistreatment" and the Appeal Tribunal found their testimony more credible than petitioner's. It held an exception to the statute did not apply because petitioner did not begin employment with the new employer within seven days of his leaving. He did not prove his working conditions constituted good cause to leave because he did not attempt to address his complaints with his employer before leaving. He was the one that severed employment with the firm.

Petitioner timely appealed to the Board. It affirmed the Appeal Tribunal decision after examining the hearing record "carefully." It found that petitioner could not "escape disqualification" because he did not "meet the requirements of the new provisions of N.J.S.A. 43:21-5(a) since his new job did not commence within seven days after his resignation from employment."

Petitioner appeals the Board's decision, contending that he did not violate N.J.S.A. 43:21-5(a) by resigning from one employer on November 4, 2016, and starting work for the new employer on November 14, 2016. He argues that he should not be disqualified for benefits because the work conditions constituted good cause to leave attributable to the work. We reject these arguments, concluding the Board's decision was not arbitrary, capricious or unreasonable.

## II.

Our review of an agency's decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). We will not intervene unless the Board's decision is "arbitrary, capricious, or unreasonable." Ibid. However, we will review an agency's interpretation of a statute de novo. Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011).

A person is disqualified from unemployment benefits if he leaves work voluntarily and not for good cause attributable to the work. N.J.S.A. 43:21-5(a). "Accordingly, benefits are available to a worker who voluntarily leaves his job only if it [was] for 'good cause attributable to [the] work.'" Blake v. Bd. of Review, 452 N.J. Super. 7, 9 (App. Div. 2017) (alterations in original) (quoting Utley v. Bd. of Review, 194 N.J. 534, 544 (2008)), certif. granted, 233 N.J. 296 (2018). N.J.A.C. 12:17-9.1(b) defines "good cause attributable to the work" as "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." An employee who has left work voluntarily has the burden of proving "he [or she] did so with good cause attributable to [the] work." Brady, 152 N.J. at 218;

N.J.S.A. 43:21-5(a). An employee who leaves work for good, but personal reasons, is not deemed to have left work voluntarily with good cause. Brady, 152 N.J. at 213; Rider Coll. v. Bd. of Review, 167 N.J. Super. 42, 46 (App. Div. 1979).

In 2015, N.J.S.A. 43:21-5(a) was amended to include an exception that the disqualification provision,

> shall not apply to an individual who voluntarily leaves work with one employer to accept from another employer employment which commences not more than seven days after the individual leaves employment with the first employer, if the employment with the second employer has weekly hours or pay not less than the hours or pay of the employment of the first employer, except that if the individual gives notice to the first employer that the individual will leave employment on a specified date and the first employer terminates the individual before that date, the seven-day period will commence from the specified date.

> [N.J.S.A. 43:21-5(a) (emphasis added).]

This exception has been the subject of two separate and conflicting opinions by other panels. Compare McClain v. Bd. of Review, 451 N.J. Super. 461 (App. Div. 2017) (holding that a claimant is not necessarily disqualified from benefits if she did not "actually commence work within the seven-day period" with the new employer but accepted employment that "was to commence

seven days later"), certif. granted, 232 N.J. 377 (2018), with Blake, 452 N.J. Super. at 7 (holding that the exception does not apply unless the employee accepts employment "which commences not more than seven days after the individual leaves employment with the first employer").

This case is different from McClain and Blake because petitioner actually commenced work at the new employer. In both McClain and Blake, the employee did not start because of some issue with the new job. Petitioner's case also does not involve a situation where the new employer moved the start date beyond the seven-day timeframe with no choice by the employee. Rather, petitioner quit his employment with one firm on a Friday and then ten days later, on a Monday, commenced employment with a new firm.

The Board affirmed the Appeal Tribunal because the seven-day exception under the statute did not apply; petitioner commenced work in ten days, not seven. On appeal, he contends that the exception should apply because he commenced working within five "working" days from his last employer, arguing that in his profession, Saturdays and Sundays are non-working days.

We conclude the Board's decision was not arbitrary, capricious or unreasonable. "Our primary purpose in construing a statute is to 'discern the meaning and intent of the Legislature.'" McClain, 451 N.J. Super. at 468

9                                                           A-3230-16T2

(quoting State v. Gandhi, 201 N.J. 161, 176 (2010)). "'[W]e first look to the plain language of the statute.'" Ibid. (quoting Perez v. Zagami, LLC, 218 N.J. 202, 209-10 (2014)). "Where 'the plain language leads to a clear and unambiguous result, . . . our interpretative process is over.'" Ibid. (alteration in original) (quoting Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195 (2007)).

The plain language of the statute states seven days, not seven working days or seven business days. This portion of the amendment is not ambiguous. Petitioner simply argues that in his profession as a paralegal, Saturdays and Sundays are non-work days and should not count. The logical extension of his argument is that other professions or jobs that do work on the weekends would count the seven-day requirement by calendar days, not work days. We will not interpret the statute in this illogical and inconsistent manner particularly when petitioner cites nothing in the amendment's history that supports his interpretation that the seven day requirement should be interpreted to mean business, not calendar days. Petitioner quit his job and started with the new firm ten days later. Because petitioner commenced work ten days after he voluntarily left his first job, the statutory exception does not apply to him.

A-3230-16T2

Petitioner argues he had good cause to terminate his employment because of the hostile work environment. The Appeal Tribunal concluded that petitioner left work voluntarily without good cause attributable to the work. Although the Board did not expressly address this conclusion, it did affirm the decision of the Appeal Tribunal.

There was ample support to affirm the Appeal Tribunal. The hearing examiner found the employer's testimony more credible than petitioner's because petitioner was unable to provide details or documentation to support his allegations and he did not make efforts to address his complaints with the employer before leaving. We defer to the credibility findings of the Appeal Tribunal hearing examiner. "As a general rule, the reviewing court should give 'due regard to the opportunity of the one who heard the witnesses to judge of their credibility . . . and . . . [give] due regard also to the agency's expertise where such expertise is a pertinent factor.'" Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 587 (1988) (alterations in original) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)).

Petitioner left the law firm to work for another firm where he had been working nights and weekends. He did not say he was leaving because of a hostile working environment. He admitted he did not complain to his employer.

11

The testimony of the employer and the office manager supported the outcome that he left for reasons unrelated to that employment. There was nothing arbitrary, capricious, or unreasonable about the decision to affirm the Appeal Tribunal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3230-16T2