**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3680-20
A-3684-20

DONNA B. ESSICK,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF
LABOR AND WORKFORCE
DEVELOPMENT, and EQUITY
COMMUNICATIONS, L.P.,

     Respondents.

_____

Submitted September 19, 2022 – Decided October 11, 2022

Before Judges Mayer and Enright.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket Nos. 222241 and 215849.

Donna B. Essick, appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent Board of Review (Donna Arons,

Assistant Attorney General, of counsel; Roger M. Castillo, Deputy Attorney General, on the brief).

PER CURIAM

In these consolidated appeals, petitioner Donna B. Essick challenges two decisions from respondent Board of Review dated January 27, 2021, which collectively deemed her ineligible to receive unemployment benefits from April 5, 2020 through October 3, 2020.  We affirm.

Essick worked for respondent Equity Communications, L.P. (Equity), starting in 1996.  As Equity's Senior Account Executive, she sold "radio and digital advertising" and was compensated solely on a commission basis.  Due to business closures during COVID-19, Essick's commissions were "drastically reduced."

Relative to Essick's appeal under No. A-3684-20,[1] the record reflects she first filed for partial unemployment benefits in April 2020 and received $1,426 for the weeks ending April 25, through May 9, 2020.  In June 2020, a Deputy with the Board of Review found Essick was:  (1) ineligible for benefits as of April 12, 2020 because she was employed full time; (2) ineligible for

---

[1]  This appeal flows from the Board's January 27 decision under its docket number DKT00215849; the second appeal, No. A-3680-20, relates to the Board's January 27 decision under its docket number DKT00222241.

unemployment benefits for the weeks starting May 17, 2020 and May 24, 2020 because she worked more than eighty percent of the normal hours for her occupation, meaning she was "considered to have worked full time"; and (3) liable to refund the $1,426 in benefits she previously received.

Essick appealed from the Deputy's determinations. The Appeal Tribunal conducted a telephonic hearing on August 6, 2020. Essick and Equity's Controller, Timothy Knight, provided sworn testimony at the hearing. When the examiner questioned Essick about what days of the week she worked after April 5, 2020, she replied, "I work seven days a week." Asked about the number of hours she worked, Essick stated, "Monday through Friday I'm probably . . . starting my day at 7:00; 8:00 at the latest, and working till 6, 7, 8:00 at night. No lie." She added, "I'm forced to work weekends" and "I work more than 40 hours a week on a regular basis. I mean, that's just the nature of the animal."

The examiner probed further and asked Essick if she was "working less hours because of the pandemic or more." Importantly, Essick answered, "[m]ore. . . . I have to make up for lost business." Further, Essick acknowledged that "pre-pandemic, a regular week was 50 hours." Asked by the examiner if between April 5 and August 5, 2020, she was "still working about 50 hours a week." Essick responded, "I feel, yes." Knight did not dispute Essick's

testimony; he also verified Essick's statements about her compensation arrangements with Equity.

On August 8, 2020, the Appeal Tribunal affirmed the Deputy's determinations. It found Essick worked "more than her normal hours of work since [April 5,] 2020 . . . [so she was] considered to have worked more than 80 percent of the normal hours each week for [her] occupation from" April 5 through August 1, 2020. Accordingly, the Appeal Tribunal deemed her ineligible for unemployment benefits for the period between April 5 through August 1, 2020, explaining she "was considered to be employed full-time in accordance with N.J.A.C. 12:17-6.2(b),[2] and N.J.S.A. 43:21-19(m)(1)."[3] Having reached these conclusions, the Appeal Tribunal determined the issue of Essick's eligibility for benefits for the weeks of May 17 and May 24, 2020 was

_____

[2] In distinguishing between full-time and part-time employment, N.J.A.C. 12:17-6.2(b) states: "[t]he number of hours which constitutes less than full-time work shall mean not more than 80 percent of the hours worked according to the norm or custom associated with the individual's occupation, profession, trade, or industry during the week of employment."

[3] Under N.J.S.A. 43:21-19(m)(1):
"An individual shall be deemed 'unemployed' for any week during which: (A) The individual is not engaged in full-time work and with respect to which [the individual's] remuneration is less than [the] weekly benefit rate, including any week during which [the individual] is on vacation without pay[.]"

A-3680-20

"academic." Additionally, the Appeal Tribunal concurred with the Deputy and found Essick liable for refunding the $1,426 in benefits she received.

On January 27, 2021, the Board affirmed the Appeal Tribunal's determinations, stating, "we agree with the decision reached, except the [o]pinion and [d]ecision paragraphs of the Appeal Tribunal decision should read that the claimant's liability for weeks ending May 17 . . . through May 30, 2020 is academic . . . as to her eligibility for partial unemployment benefits."

Regarding Essick's second appeal, No. A-3680-20, the record reflects she filed for unemployment benefits in April 2020 and the Deputy imposed a period of ineligibility for benefits from June 14, 2020. The Deputy reasoned Essick was employed full time and had "worked more than 80 percent of the normal hours for [her] occupation" such that she was "considered to have worked full time."

Essick appealed the Deputy's determination. Therefore, the Appeal Tribunal conducted another telephonic hearing in October 2020. At this hearing, only Essick testified. The examiner asked her, "post-pandemic, how many hours a week are you working?" Contrary to her statements during the August 6 hearing, Essick testified she had "been reporting 40 hours, which is less than what [she] typically worked . . . pre-pandemic."

The examiner advised Essick he reviewed her testimony from the August 6 hearing; he reminded her that she previously testified she was "working even more hours now to make up for lost commissions." Essick responded that her prior testimony "was a little bit misinterpreted" and she was "working 40 hours in this pandemic." She added, "if I didn't convey it properly, then that's a mistake on my part, but since the beginning of time I've been reporting . . . 40 hours." Essick also testified, "my current fight is . . . proving that those 40 hours are 80% of my regular hours worked," adding, "I'm just learning the laws of the [u]nemployment system."

That day, the Appeal Tribunal affirmed the Deputy's determination, finding Essick worked full-time from June 14, 2020 through October 3, 2020. It also found Essick challenged the denial of benefits for a period of time that "was previously ruled on by the Appeals Tribunal" on August 6, 2020, so it had "no jurisdiction to rule on the time period already ruled on by the Appeals Tribunal." The Appeal Tribunal deemed Essick ineligible for benefits for the period from August 2, 2020 through October 3, 2020, again citing N.J.S.A. 43:21-19(m)(1) and N.J.A.C. 12:17-2.1.

On January 27, 2021, the Board affirmed the Appeal Tribunal's decision, adopting the Tribunal's findings of fact and concluding Essick was ineligible for

6

benefits between August 2 and October 3, 2020 because "she was employed full-time in accordance with N.J.S.A. 43:21-19(m)(1)." And because the Appeal Tribunal previously addressed Essick's eligibility for benefits for the period running from June 4, 2020 through August 1, 2020, the Board considered any resolution for that period under the second appeal was "null and void, and . . . set aside."

Before us, Essick contends the Board wrongfully deemed her ineligible for benefits. And she renews her argument that because she worked less than eighty percent of the standard work hours in her occupation, she was not employed full-time. She states the Board "plainly misunderstood [her] testimony," and "the fact remains that she did in fact work less than 80% of a normal workweek in her industry." We are not convinced.

When a claimant challenges an agency conclusion, the claimant carries a substantial burden of persuasion, while the determination of the administrative agency carries a presumption of correctness. Gloucester Cnty. Welfare Bd. v. N.J. Civ. Serv. Comm'n, 93 N.J. 384, 390-91 (1983) (citing City of Newark v. Nat. Res. Council, 82 N.J. 830, 839 (1980)). Accordingly, we exercise limited review of the Board's decision. See Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997). We will affirm its decision if it is supported by substantial credible

evidence, <u>ibid.</u>, and if, upon our de novo review, we discern no mistakes of law, <u>McClain v. Bd. of Rev., Dep't of Lab.</u>, 451 N.J. Super. 461, 467 (App. Div. 2017).

We also accord substantial deference to the agency's interpretation of a statute it is charged with enforcing. <u>Bd. of Educ. of Neptune v. Neptune Twp. Educ. Ass'n</u>, 144 N.J. 16, 31 (1996). In short, we overturn an agency determination only if it is arbitrary, capricious, unreasonable, unsupported by substantial credible evidence as a whole, or inconsistent with the enabling statute or legislative policy. <u>Barry v. Arrow Pontiac, Inc.</u>, 100 N.J. 57, 71 (1985) (citing <u>Gloucester Cnty. Welfare Bd.</u>, 93 N.J. at 391).

Governed by these principles, we are persuaded there is sufficient credible evidence in the record to support the Board's finding Essick was ineligible for benefits on the dates specified, pursuant to N.J.S.A. 43:21-19(m)(1)(A) and N.J.A.C. 12:17-6.2(b). We also are convinced that under N.J.S.A. 43:21-16(d),[4] she was required to refund the benefits she was ineligible to receive. <u>See</u> <u>Bannan v. Bd. of Rev.</u>, 299 N.J. Super. 671, 674-76 (App. Div. 1997). In that vein, we note Essick presents no meritorious challenge to the Board's order that she

_____

[4] N.J.S.A. 43:21-16(d)(1) provides for recovery of benefits paid to an individual who, for any reason, has received benefits to which the person was not entitled.

refund these benefits; instead, she claims "those benefits were paid back 'in full.'"

In sum, we perceive no basis to disturb either of the Board's January 27 decisions. Essick's remaining arguments do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                          A-3680-20