**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0367-24

CAROL MCCAFFREY,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT,

     Respondent.

_____

Submitted December 2, 2025 – Decided January 6, 2026

Before Judges Susswein and Augostini.

On appeal from the Board of Review, Department of Labor and Workforce Development, Docket No. 325362.

Carol McCaffrey, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Ryne A. Spengler, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Carol McCaffrey appeals the August 24, 2024 final agency decision of the Department of Labor Board of Review (the Board), affirming the Appeal Tribunal's denial of her claim for Mixed Earners Unemployment Compensation (MEUC) benefits. After reviewing the record in light of the governing legal principles, we affirm.

I.

We discern the following pertinent facts and procedural history from the record. In March 2020, after experiencing a period of unemployment, petitioner filed a claim for unemployment benefits. Although she was ineligible for regular unemployment benefits, the Division of Unemployment and Temporary Disability Insurance (Division) deemed her eligible for Pandemic Unemployment Assistance (PUA) with a weekly benefit rate of $231. Petitioner received PUA benefits for the weeks ending April 4, 2020 through September 4, 2021.[1]

Petitioner received an email notice from the U.S. Department of Labor, advising that eligible "mixed earners" (claimants with income from both W-2 wages and self-employment earnings) could receive an additional $100 per week

---

[1] We note that petitioner denies that she received PUA benefits and insists instead that she received regular unemployment benefits. That dispute is at the crux of this appeal.

for each week they received unemployment (UI) or pandemic emergency unemployment compensation (PEUC) benefits. The additional benefit, MEUC, was established under the Continued Assistance for Unemployed Workers Act of 2020 (CAA). The email explicitly stated that claimants receiving PUA benefits were not eligible for MEUC benefits. Petitioner, believing she was eligible, applied for MEUC benefits.

On March 7, 2022, petitioner received notice that she was ineligible to receive MEUC benefits because she failed to meet the requirements provided by the Coronavirus Aid, Relief, and Economic Security (CARES) Act and the CAA. Petitioner filed an administrative appeal the same day and a telephonic hearing was scheduled. Prior to the hearing, petitioner sent copies of her 2019 tax returns to the Appeal Tribunal. The telephonic hearing was held on March 17, 2023, before appeals examiner Christine Cartwright. During the hearing Cartwright reviewed petitioner's 2019 self-employment earnings. The examiner also confirmed that petitioner received a weekly benefit rate of $231. The examiner concluded that petitioner was not eligible for MEUC benefits.

The Appeals Tribunal affirmed the denial of MEUC benefits, finding petitioner ineligible because she received PUA benefits, not regular UI, from April 4, 2020, through September 4, 2021. Petitioner then appealed to the

3

Board, enclosing her form 1099-G information in support of her appeal. After reviewing the record, the Board affirmed the Tribunal's decision on August 24, 2024. The Board found that petitioner did not provide any evidence to demonstrate that she met the eligibility requirements for a regular unemployment claim filed in 2020, and therefore she was not entitled to MEUC benefits.

This appeal follows. Petitioner contends that she has met all the requirements for the MEUC extra benefits because, she claims, she was collecting UI benefits and provided proof of over $5,000 in self-employment income in 2019.

II.

We begin our analysis by acknowledging the legal principles governing this appeal. "[Appellate] review of an administrative agency's decision is limited." McClain v. Board of Review, Department of Labor, 451 N.J. Super. 461, 466 (App. Div. 2017), aff'd, 237 N.J. 445 (2019) (internal citations omitted). As a general matter, an agency decision will be upheld unless "there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys.,

206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)).

Appellate review is limited to determining:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Monmouth Cnty. Prosecutor's Off. v. Off. of Att'y Gen., Dep't of L. & Pub. Safety, 480 N.J. Super. 33, 40 (App. Div. 2024), cert. denied, 260 N.J. 449 (2025) (quoting Lavezzi v. State, 219 N.J. 163, 171 (2014)).]

Relatedly, "a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." In re Herrmann, 192 N.J. at 28 (citations omitted). Thus, "[g]enerally, [appellate courts] 'afford [an] agency great deference' in reviewing its 'interpretation of statutes within its scope of authority' in recognition of the agency's 'specialized expertise.'" McClain, 451 N.J. Super. at 466-67 (quoting N.J. Society for Prevention of Cruelty to Animals v. N.J. Department of Agriculture, 196 N.J. 366, 385 (2008)).

Turning to the substantive legal principles relevant to this appeal, "[t]he CARES Act expanded eligibility, under the PUA program, for payment of benefits for certain categories of individuals." Sullivan v. Bd. of Rev., Dep't of

Lab., 471 N.J. Super. 147, 153 (App. Div. 2022).  The CARES Act makes PUA available for individuals who are ineligible for regular unemployment compensation or pandemic emergency unemployment.  See id. at 153-54.

Eligibility was further expanded under the CAA, which reauthorized federal pandemic unemployment compensation and introduced the MEUC program.  See 15 U.S.C.A. § 9023.  Under that program, states can compensate mixed earners with an additional $100 weekly payment "in any case in which the individual received at least $5,000 of self-employment income (as defined in section 1402(b) of Title 26) in the most recent taxable year ending prior to the individual's application for regular compensation."  Ibid.  MEUC benefits are limited to claimants who received benefits under:  (1) regular state unemployment compensation; (2) Unemployment Compensation for Federal Employees; (3) Unemployment Compensation for Ex-Servicemembers; (4) Pandemic Emergency Unemployment Compensation (PEUC); (5) permanent federal-state Extended Benefits; (6) Short-time Compensation; (7) Trade Readjustment Allowances; (8) Disaster Unemployment Assistance; and (9) payments under the Self-Employment Assistance program.  U.S. Dep't of Lab., Unemployment Ins. Program Letter No. 15-20 (Jan. 5, 2021); see also 15 U.S.C. § 9023(b)(1) (explaining that an individual must be entitled to "regular

6

compensation" to receive MEUC benefits).  Individuals receiving PUA may not receive MEUC.

III.

We next apply these principles and eligibility criteria to petitioner's argument that she has met the requirements for "mixed earners" because she was collecting UI benefits and provided proof of over $5,000 in self-employment income for 2019.  After reviewing the record, we conclude that the Board properly found that petitioner is ineligible for the additional MEUC benefits because she received PUA benefits in connection with her 2020 unemployment claim.  We note that petitioner supports her assertion that she was in fact receiving regular UI, not PUA, by relying on her form 1099-G.[2]  That argument is unpersuasive.  It is true that Box 1 of petitioner's 2020 1099-G form lists $20,800.00 in "unemployment compensation."  However, 1099-G forms cover all types of unemployment benefits, including pandemic related unemployment benefits.  See Internal Revenue Serv., U.S. Dep't of the Treasury, Pub. No. 525,

---

[2] Form 1099-G reflects income paid to an individual by a government agency, including unemployment insurance.  These benefits, including all state and federal pandemic related unemployment benefits, are subject to federal income tax.  See Department of Labor & Workforce, Division of Unemployment Insurance, FAQ:  Paying federal income tax on your Unemployment Insurance benefits, https://www.nj.gov/labor/myunemployment/help/faqs/taxes.shtml.

Taxable and Nontaxable Income (2024) (explaining that box 1 of Form 1099-G shows "the total unemployment compensation paid" and "[u]nemployment compensation generally includes any amount received under an unemployment compensation law of the United States or of a state."). Therefore, contrary to petitioner's argument, the form she relies on is not conclusive as to whether she received regular UI or PUA.

We also agree with the Board that pursuant to N.J.S.A. 43:21-4 and N.J.A.C. 12:17-5.1, an individual must have sufficient base year wages to be eligible for regular unemployment benefits, and petitioner did not meet those requirements. Specifically, an unemployed individual is only eligible for regular unemployment benefits if, during their "base year period," they establish: (1) at least twenty base weeks during the base year, N.J.S.A. 43:21-4(e)(4)(A); or (2) remuneration not less than 1,000 times the minimum wage in effect on October 1 of the preceding calendar year, N.J.S.A. 43:21-4(e)(4)(B). Here, petitioner had only nine base weeks and $2,873 in base wages between October 1, 2018, and September 30, 2019, the base year for her unemployment claim. Accordingly, petitioner did not have sufficient base weeks or wages to establish a claim for regular unemployment benefits. See N.J.S.A. 43:21-4(e)(4)(A); N.J.S.A. 43:21-4(e)(4)(B).

In sum, the Board's final decision is amply supported by the record and in no way can it be characterized as arbitrary or capricious. See Russo, 206 N.J. at 27 (quoting In re Herrmann, 192 N.J. at 27-28) (finding that, as a general matter, an agency decision will be upheld unless "'there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'"). We add that the interpretation of eligibility requirements pursuant to the CARES Act and the CAA is best left to the agency charged with enforcing those statutes. See McClain, 451 N.J. Super. at 466-67 (quoting N.J. Society for Prevention of Cruelty to Animals, 196 N.J. at 385) ("Generally, [appellate courts] 'afford [an] agency great deference' in reviewing its 'interpretation of statutes within its scope of authority' in recognition of the agency's 'specialized expertise.'").

To the extent we have not specifically addressed them, any remaining arguments raised by petitioner lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0367-24